Richard E. MOORE et al., Plaintiffs,

v.

HARRIS COUNTY COMMISSIONERS COURT et al., Defendants.

Blackie NEELEY, Plaintiffs,

v.

HARRIS COUNTY COMMISSIONERS COURT, as an entity, et al., Defendants.

Civ. A. Nos. 73–H–993, 73–H–1033.

United States District Court, S. D. Texas, Houston Division.

Feb. 8, 1974.

Virgil H. Barfield, C. Anthony Friloux, Jr., Eddington & Friloux, Houston, Tex., Larry B. Kerfoot, Gardner, Tur-

ner, Kerfoot, & Guttman, Houston, Tex., for plaintiffs.

Edward J. Landry, Senior Asst. Co. Atty., Houston, Tex., for defendants.

Before GEE, Circuit Judge, and SINGLETON and BUE, District Judges.

GEE, Circuit Judge:

Plaintiffs are duly elected Justices of the Peace, Constables and voters of three former Harris County precincts which have been abolished by order of defendants, the County Judge and Commissioners of Harris County, Texas. At the time of the order, and today, the terms to which the plaintiff office-holders were elected had not expired. The Commissioners acted under authority of a Texas Constitutional provision [1] permitting revision of precincts from time to time "for the convenience of the people" and Article 2351½, Vernon's Ann. Texas Revised Civil Statutes. This article provides, in pertinent part, as follows:

> (c) When boundaries of justice of the peace precincts are changed, so that existing precincts are altered, new precincts are formed, or former precincts are abolished, if only one previously elected or appointed justice of the peace or constable resides within a precinct as so changed, he shall continue in office as justice or constable of that precinct for the remainder of the term to which he was elected or appointed. If more than one justice or constable resides within a precinct as so changed, or if none resides therein, the office shall become vacant and the vacancy shall be filled as other vacancies; provided, however, that in precincts having two justices, if two reside therein, both shall continue in office, and if more than two reside therein, both offices shall become vacant.

The manner in which defendants' order redrew the Harris County precinct lines resulted in the vacating of plaintiffs' offices by force of the quoted portion of the statute.

The statute is attacked on numerous grounds, most of which we need not discuss, since we conclude that its effect to end the term of some of the duly elected justices of the peace and constables of Harris County constitutes an impermissible abridgement of the franchise of those entitled to vote for them and a violation of the equal protection clause, both without the showing of any compelling state interest to be served thereby.

■ Defendants are local officers, functioning pursuant to statewide policies embodied in the constitutional and statutory provisions cited. An injunction is sought on constitutional grounds against the effect of Article 2351½ to truncate the term of some of the plaintiffs and set at nought the vote of those who elected them to these offices. These offices are the creation of state law; the jurisdiction of the offices in question is statewide,[2] and the statute attacked is of statewide effect and impact. The constitutional issues raised are not facially insubstantial, and the complaints clearly called for the convening of a three-judge court.

We are not unmindful of the decision in Snowden v. Hughes, 321 U.S. 1, 64 S. Ct. 397, 88 L.Ed. 497 (1944), in which the right of a citizen to be a candidate for state office was held to be unprotected by the privileges and immunities clause of the Fourteenth Amendment, or that in dicta the Court extended its holding to the right to vote for and hold such office. But we are persuaded that this case is not controlled by Snowden.

■ In the first place, on its facts Snowden involved a candidacy only. We treat here of a Texas state office, which has been repeatedly held by the courts of Texas to be a species of property, e. g., State ex rel. Jennett v. Owens, 63 Tex. 261 (1885). The Fourteenth

---

1. Tex.Const.Art. 5, § 18, Vernon's Ann.St.

2. E. g. Arts. 2385, 6885, Tex.Rev.Civ.Stat. The jurisdiction of a justice of the peace is to be distinguished from the venue limitations of Art. 2390, R.C.S.

Amendment might well be seen as extending protection to an elected and qualified office-holder, but not to a mere aspirant as in *Snowden*.

 In the second place, it appears that events have marched by the view taken in *Snowden* of the division of state and federal responsibilities.[3] More recent Supreme Court decisions have sapped the force of *Snowden's* vision of the federal structure. The "privileges and immunities" clause of the Fourteenth Amendment has become irrelevant in considering protection of the right to run and vote for state office. Modern concepts of equal protection have assumed that burden. Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L. Ed.2d 92 (1972); White v. Regester, 412 U.S. 755, 93 S.Ct. 2332, 37 L.Ed.2d 314 (1973); Harper v. Virginia Bd. of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); cf. Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970).

Insofar as Art. 2351½ operates to truncate the term of a duly elected public official upon the circumstance that a mere convenience redistricting places him in a district with others, it invidiously and irrationally discriminates between him and others not so affected and between the effect of the votes of those who voted or were entitled to vote in his election and voters whose franchise was not so bobbed. No compelling interest was here served by such discrimination.[4] Certainly it was not necessary to effect redistricting in mid-term or, if that were thought pressing, it was not compelling that the office be declared vacant as a result. Indeed, the analogous section pertaining to county commissioners, Art. 2351½(b),

expressly provides that the term of office of a county commissioner is not to be affected by redistricting, even though its effect may be to place his residence outside the precinct for which he was elected.

The duly elected justices of the peace and constables, plaintiffs here, are entitled to serve the terms to which they were elected. Insofar only as Article 2351½, Texas Revised Civil Statutes mandates otherwise, it is unconstitutional. Insofar only as defendants' order of January 30, 1973, undertakes to appoint other persons to plaintiffs' offices, and to prevent plaintiffs from carrying out the duties and receiving the emoluments of their offices during the term to which they were elected, it is likewise invalid.

---

3. See Mancuso v. Taft, 476 F.2d 187, 196–197 n. 14 (1st Cir. 1973).

4. Defendants' only contention which approaches advancing such an interest for *redistricting* is that the old precincts were egregiously disproportionate in population. This is true, but the new districts were clearly not drawn with any ideal of population equality foremost in mind; the order establishing them itself recites that one contains almost two and one-half times as many people as another. Nor would population equalization, if seen as a compelling reason for redistricting and faithfully served in drawing the new precincts, bear any necessary relation to vacating these offices, a different consideration entirely.